**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. 15-20524-CIV; _____

ETREND MEDIA GROUP, LLC,
And PABLO PALATNIK,
     Plaintiff(s),

v.

Internet Corporation for
Assigned Names and Numbers;
eName Technology Co. Ltd;
ENOM, Incorporated; and
Xiamen eNameNetwork Co. Ltd,
     Defendants.
_____/

## <u>PLAINTIFF'S VERIFIED COMPLAINT FOR EQUITABLE RELIEF</u>

Plaintiff(s), ETREND MEDIA GROUP, LLC (hereinafter "ETREND"), a Florida limited liability company, and PABLO PALATNIK sues Defendants Internet Corporation for Assigned Names and Numbers (hereinafter "ICANN"); eName Technology Co., LTD (hereinafter "eNAME"); ENOM, Incorporated (hereinafter "ENOM"); and Xiamen eNameNetwork Co. Ltd. (hereinafter "XIAMEN"), and alleges as follows:

### INTRODUCTION

1. This is an action about a stolen internet domain name, www.shadesdaddy.com (the "Subject Domain Name").

2. This *Verified Complaint* seeks to prevent XIAMEN's use of the domain name www.shadesdaddy.com; eNAME's from acting as registrar of the Subject Domain Name; to compel the authoritative top level domain (TLD) Registry for the Subject Domain Name to change the registrar of record from eNAME or such other registrar as may reflect as of

1

the date of the order on this action, and to transfer the Subject Domain Name to the registrar of Plaintiff's choosing (the "Gaining Registrar"); and to further compel the Gaining Registrar to register the Subject Domain Name to the name of Plaintiff.

3. A *Verified Emergency Motion for Temporary Injunction* is being filed concomitantly with this *Verified Complaint.*

## PARTIES

4. Plaintiff ETREND MEDIA GROUP LLC is a Florida limited liability corporation and is a Florida limited liability company.

5. Plaintiff PABLO PALATNIK is an individual and Managing Member of ETREND, residing in Miami-Dade County, Florida at all times material hereto.

6. Defendant ICANN is a nonprofit corporation, organized and existing under the laws of the State of California, with its principal office and place of business located in Marina del Rey, California.

7. Defendant eNAME is a foreign corporation, organized and existing under the laws of China.

8. Defendant ENOM is a corporation, organized and existing under the laws of the State of Nevada, with its principal place of business located in Kirkland, Washington.

9. Defendant XIAMEN is a corporation, organized and existing under the laws of China.

## JURISDICTION

10. This is an action for Declaratory Relief, Writ of Mandamus, and Injunctive Relief, within the jurisdiction of the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 2201.

11. This Court has personal jurisdiction over Defendant ICANN pursuant to 28 U.S.C. § 1391(c)(2) and Section 48.193(2), Florida Statutes, as a corporation engaged in substantial and not isolated activity within this state.

12. This Court has personal jurisdiction over Defendant ENOM pursuant to 28 U.S.C. § 1391(c)(2) and Section 48.193(2), Florida Statutes, as a corporation engaged in substantial and not isolated activity within this state.

13. This Court has personal jurisdiction over Defendant eNAME pursuant to 28 U.S.C. § 1391(c)(3) as a Defendant not resident in the United States.

14. This Court has personal jurisdiction over Defendant XIAMEN pursuant to 28 U.S.C. § 1391(c)(3) as a Defendant not resident in the United States.

## VENUE

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Miami-Dade County, and a substantial part of the personal property in question, the www.shadesdaddy.com domain name, is situated in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

16. The Internet is a network of interconnected computers and computer networks. Every computer connected directly to the Internet has a unique address. These addresses, which are known as Internet Protocol ("IP") numbers, are necessary for computers to "communicate" with each other over the Internet. An example of an IP number might be: 194.66.82.30.

17. Because IP numbers can be cumbersome and difficult for Internet users to remember to use, the IP number system has been overlaid with a more "user friendly" system of domain names, which serve as links to the underlying IP.

18. Thus, domain names, and not IP addresses, are commonly used by the public, much in the way physical addresses are commonly used in describing real estate in lieu of the more cumbersome and technical property legal description.

19. The authoritative TLD Registry for the Subject Domain Name maintains the definitive directory that associates registered domain names with ".com" extensions with the corresponding IP numbers of their respective domain name servers.  The domain name servers, in turn, direct Internet queries to resources such as websites and email systems.

20. Customers acquire .com domain names through various service providers that are authorized by the TLD Registry, known as "registrars", which in turn register with the TLD Registry the domain names purchased by the customer, such that the TLD Registry may update and maintain its definitive .com domain name directory. In effect, the TLD Registry whole-sells domain names through registrars, and maintains the database of customers who are authorized to own the domain name for the pendency of such customer's contract with the corresponding registrar, provided the customer's fees are paid and current.

21. Plaintiff, ETREND is the owner of the domain name www.shadesdaddy.com and operates an internet-based sunglass retail store through this domain name.

22. The Plaintiff acquired www.shadesdaddy.com on or about July 23, 2008 through the domain name registrar ENOM, a nominal defendant to this action.

4

23. In support of and as proof of Plaintiff's ownership of the domain name www.shadesdaddy.com, as well as the ShadesDaddy trademark, the following exhibits are attached hereto:

    **a.** The 2015 Florida Limited Liability Company Annual Report for Plaintiff ETREND, attached as Exhibit "A" hereto, shows that Pablo Palatnik is the managing member of ETREND.

    **b.** The trademark details, attached as Exhibit "B" hereto, show that Pablo Palatnik, the managing member of Plaintiff ETREND, is the owner of the trademark "shadesdaddy."

    **c.** The Business Card, Official Vision Expo Pass, Photo of the ShadesDaddy office, and INC Magazine article featuring an interview with Pablo Palatnik, attached collectively as Exhibit "C" hereto, demonstrate that Plaintiff is the owner of the ShadesDaddy trademark, and are indicative of Plaintiff's extensive use of the ShadesDaddy name in commerce.

    **d.** The Screen Shot of domain names owned by Plaintiff, along with the who is for the domain names, attached collectively as Exhibit "D" hereto, show that Plaintiff owns not only the www.shadesdaddy.com domain name, but all of the other top level domains for shadesdaddy, including .net, .org, etc.

    **e.** The Chase Business Card Statement, attached as Exhibit "E" hereto, shows that Pablo Palatnik holds an active business bank account for shadesdaddy.com.

    **f.** The Volusion Invoice, attached as Exhibit "F" hereto, shows recent business expenses billed to Pablo Palatnik for ShadesDaddy.com.

**g.** Blank Checks and BB&T Account Statement, attached collectively as Exhibit "G" hereto, show that Plaintiff ETREND holds an active business checking account for shadesdaddy.com.

**h.** On February 4, 2015, Pablo Palatnik, as managing member of ETREND and as owner of the ShadesDaddy trademark and domain name, swore to his ownership of the domain name www.shadesdaddy.com, and that he neither made nor authorized a change of Registrar/Transfer of the domain name from eNom.com to eName.com. See the affidavit attached as Exhibit "H" hereto. Upon Plaintiff's realization that its domain name had been transferred, Plaintiff executed the attached affidavit and sent it to ENOM in order to notify ENOM of the unauthorized transfer.

**i.** Further, Plaintiff attaches as Exhibit "I" hereto, a Screen Shot of Plaintiff's Google Webmaster Tool for www.shadesdaddy.com, indicating Plaintiff's access and ability to manage www.shadesdaddy.com's accounts with Google. Google has a rigorous due diligence procedure to ensure that these accounts are provided only to domain name owners.

**j.** Finally, Plaintiff attaches as Exhibit "J" hereto an email from Volusion confirming that Pablo Palatnik had been operating an online store on www.shadesdaddy.com since August 12, 2008.

24. The fees connected with the registration of www.shadesdaddy.com are paid and current through the year 2022.

25. On or about February 3, 2015, the Plaintiff discovered that its domain name had been removed from ENOM without authorization of the Plaintiff, and transferred to a registrar based out of China, Defendant eNAME.

26. This is a crime known as "domain name hijacking", in which an internet thief accesses the registrar account belonging to the domain name owner using a false identity and cracked passwords, and requests for the domain name to be transferred to another registrar.

27. Thus, without authorization of the Plaintiff, Defendant XIAMEN requested and obtained the transfer of www.shadesdaddy.com to the registrar eNAME in China.

28. From on or about July 23, 2008 through and including February 3, 2015, the authoritative TLD Registry for the Subject Domain Name, as accessible through databases known as "Whois," has reflected or should have reflected the Plaintiff as the owner of www.shadesdaddy.com.

29. Today, however, the TLD Registry databases erroneously reflects eNAME as the registrar of record for the Subject Domain Name. See Exhibit "K" attached hereto.

**COUNT I- DECLARATORY RELIEF**

30. This is an action by Plaintiff ETREND MEDIA GROUP, LLC against Defendants for a declaratory judgment, pursuant to 28 U.S.C. § 2201.

31. The allegations contained in paragraphs 1 through 29 are hereby incorporated by Plaintiff as though fully set forth herein.

32. This cause of action is alleged in additionally and alternatively to the other causes of action alleged herein.

33. There is a bona fide, actual and present need for a judicial declaration of the rightful ownership of the disputed domain name www.shadesdaddy.com.

34. The declaration sought deals with a present, ascertained set of facts and present controversy concerning that set of facts.

35. The rights of the Plaintiff are dependent upon the aforementioned set of facts or the law applicable to those facts.

36. The Parties have an actual, present, adverse and antagonistic interest in the subject matter.

37. The relief sought herein is not merely the giving of legal advice by the court or the satisfaction of mere curiosity.

WHEREFORE, Plaintiff ETREND MEDIA GROUP, LLC respectfully requests from this Court the setting of an accelerated hearing, and a declaratory judgment stating that ETREND MEDIA GROUP, LLC is the owner of www.shadesdaddy.com.

**COUNT II – INJUNCTIVE RELIEF: Request for Writ of Mandamus Pursuant to the All Writs Act, 28 U.S.C. § 1651**

38. This is an action by Plaintiff ETREND MEDIA GROUP, LLC against Defendants for injunctive relief, to compel the TLD Registry for the Subject Domain Name to change the registrar of record from eNAME or such other registrar as may reflect as of the date of the order on this action, and to transfer the Subject Domain Name to the Gaining Registrar of Plaintiff's choosing, and to further compel the Gaining Registrar to register the Subject Domain Name to the name of Plaintiff.

39. The allegations contained in paragraphs 1 through 29 are hereby incorporated by Plaintiff as though fully set forth herein.

40. This cause of action is alleged in additionally and alternatively to the other causes of action alleged herein.

41. Plaintiff is the true owner of the domain name www.shadesdaddy.com.

42. Plaintiff obtained rights in the domain name by its registration with ENOM on or about July 23, 2008.

43. Defendant XIAMEN fraudulently requested and obtained a transfer of the disputed domain name from the registrar ENOM to eNAME and fraudulently transferred ownership of the domain name to XIAMEN, without the authorization of Plaintiff.

44. The domain, being illegally transferred by Defendant XIAMEN, is identical to the domain name and trademark owned by Plaintiff.

45. Defendant XIAMEN, the current erroneously listed owner of the Subject Domain Name, does not have any rights or legitimate interests in the Subject Domain Name www.shadesdaddy.com.

46. The Subject Domain Name has been registered and is being used in bad faith by Defendant XIAMEN.

WHEREFORE, Plaintiff ETREND MEDIA GROUP, LLC respectfully requests from this Court the setting of an accelerated hearing, and that the injunctive relief be awarded and a writ of mandamus be issued, compelling the TLD Registry for the Subject Domain Name to change the registrar of record from eNAME or such other registrar as may reflect as of the date of the order on this action, and to transfer the Subject Domain Name to the Gaining Registrar of Plaintiff's choosing, and to further compel the Gaining Registrar to register the Subject Domain Name to the name of Plaintiff.

**COUNT III- INJUNCTIVE RELIEF – Request for Writ of Prohibition Pursuant to the All Writs Act, 28 U.S.C. § 1651**

47. This is an action by Plaintiff against Defendant XIAMEN for a permanent mandatory injunction.

48. The allegations contained in paragraphs 1 through 29 are hereby incorporated by Plaintiff as if fully set forth herein.

49. This cause of action is alleged in additionally and alternatively to the other causes of action alleged herein.

50. Defendants XIAMEN committed an unauthorized and fraudulent transfer of the Subject Domain Name from the registrar ENOM to the registrar ENAME, thereby resulting in a violation of U.S. Trademark and intellectual property rights of Plaintiff.

51. Plaintiff is suffering and will continue to suffer irreparable harm if a permanent mandatory injunction is not issued, prohibiting XIAMEN from using the Subject Domain Name.

52. The irreparable harm that Plaintiff has suffered and continues to suffer due to Defendant XIAMEN's unauthorized transfer of the disputed domain name includes the following:

    a. Loss of over 7,000 unique visitors to the website per day;

    b. Loss of revenue of over $3,000.00 to $7,000.00 in daily sales;

    c. Loss of 40-70 customer sign ups to Plaintiff's daily newsletter, which represents a percentage of Plaintiff's sales;

    d. Loss of organic search rankings[1];

---

[1] Because the website is not operational, the google algorithm is pushing the website down due to the fact that the search engine is not finding the website while the domain name is not in Plaintiff's possession. This equates to a loss of thousands of dollars per day in search engine optimization.

    **e.**  Damages to brand partners, such as Ray-Ban and Dolce & Gabbana, the listings of those brands not being driven to a Chinese website that sells counterfeit goods;

    **f.**  Loss of continuous operations of the business to build Plaintiff's brand and business;

    **g.**  Loss of cash flow to continue to operate the business, pay bills, and continue to grow Plaintiff's business;

    **h.**  Loss of links throughout the web, as Google removes links that are not found;

    **i.**  Loss of brand equity in consumers being re-directed to a website that is not ShadesDaddy, damaging Plaintiff's trademarked name.

53. The injury to Plaintiff outweighs any threatened harm that the requested injunction may cause the Defendants.

54. The injunction sought by the Plaintiff will not disserve the public interest.

55. Plaintiff has a substantial likelihood of success on the merits.

      WHEREFORE, Plaintiff ETREND MEDIA GROUP, LLC, respectfully requests from this Court the setting of an accelerated hearing, and granting a permanent mandatory injunction ordering Defendant XIAMEN not to use the domain name www.shadesdaddy.com, and awarding costs, attorneys' fees and any other relief deemed by the Court to be just and proper under the foregoing circumstances.

Dated: February 10, 2015

Respectfully submitted,

RECALDE LAW FIRM, P.A.
10800 Biscayne Blvd, Suite 988
Miami, FL 33161
Ph: 305-792-9100
Fax: 1-305-517-1407
By:
Rafael Recalde, Esq.
FBN: 60040
Primary: pleadings@recaldelaw.com
Secondary: yeni@recaldelaw.com

**VERIFICATION**

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

    I, Pablo Palatnik, having personally appeared before the notary public whose signature and seal are affixed to this document, and wither being ⊥ personally known to the notary public or ___ having produced the following identification _____ and not otherwise being a person whose document the notary public is prohibited from authorizing under Section 117.05(6), Florida Statutes, duly swear, depose, and state that I have examined the foregoing document and that allegations are true, correct and based upon my personal knowledge.

    Sign: _____
    Name: Pablo Palatnik
    Title: Managing Member of ETREND MEDIA GROUP, LLC

Sworn and subscribed before me this 9th day of February, 2015.

_____
Signature

Carmela N. Martinez
Print Name
*Notary Public-State of Florida*

              My commission expires: July 27th, 2018
                      (seal)

**CARMELA N MARTINEZ**
MY COMMISSION #FF145508
EXPIRES July 27, 2018
(407) 398-0153   FloridaNotaryService.com

1